# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| WILLIAM H. HENSON, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:17CV58 HEA |
| DR. UNKNOWN BRENNON, et al. | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff William Henson, an inmate at Northeast Correctional Center ("NECC"), for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $38.87. *See* 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $194.33. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $38.87, which is 20 percent of plaintiff's average monthly deposit.

**Legal Standard**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**The Complaint**

Plaintiff brings this complaint under 42 U.S.C. § 1983 against several members of the medical staff and the warden at NECC. He states that on November 17, 2016, he began experiencing extreme pain followed by loss of feeling in his left leg. He alerted NECC staff, who initiated medical emergency protocol at 4:00 p.m. He states that medical staff had to be notified of his condition another three times over the next two and a half hours, before he was

treated. He states that by 6:35 p.m., he had lost complete function of his left leg and struck his forehead on the corner of the sink in his housing unit. For relief, plaintiff seeks an injunction and monetary damages in the amount of $50,000.00.

## Discussion

*(1)   Defendant Warden Chante Godert*

Plaintiff names as a defendant the Warden of NECC, Chante Godert, in her official capacity, stating "she is ultimately responsible for my welfare, thus in her official capacity failed to [provide] plaintiff his rights to due process when the administration failed to respond to numerous grievances on this issue." "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). Supervisors cannot be held vicariously liable under § 1983 for the actions of a subordinate. *See Ashcroft v. Iqbal*, 556 U.S. 662, 675-76 (2009).

Because plaintiff has not alleged defendant Warden Godert was directly involved in his alleged constitutional violations, the complaint fails to state a claim upon which relief can be granted as to this defendant. *See Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (noting that general responsibility for supervising operations of prison is insufficient to establish personal involvement required to support liability under § 1983); *Woods v. Goord*, 1998 WL 740782, *6 (S.D.N.Y. Oct. 23, 1998) (receiving letters or complaints does not render prison officials personally liable under § 1983). The Court will dismiss plaintiff's claims against defendant Warden Godert.

*(2) Defendant Dr. Unknown Brennon*

Plaintiff sues defendant Dr. Brennon in his official and individual capacity for refusing to provide plaintiff treatment because plaintiff smoked cigarettes. Plaintiff states that he had declared an emergency walk-in due to pain, and Dr. Brennon denied him treatment, stating "until you quit smoking, I'm not going to do anything for you." To prevail on his Eighth Amendment claim, plaintiff must show that (1) he suffered from an objectively serious medical need, and (2) defendant knew of, but deliberately disregarded, that need. *See Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011). Interpreting plaintiff's complaint liberally on initial review, the Court finds plaintiff has stated a non-frivolous action against defendant Dr. Brennon under 42 U.S.C. § 1983. As a result, the Court will issue process on plaintiff's complaint on defendant Dr. Brennon in his individual capacity.

*(3) Defendant Dr. Unknown Penyugua*

Plaintiff sues Dr. Penyugua "for his indifference to the treatment requested by plaintiff which led to the worsening of his condition, and ultimately led to his injury." Plaintiff states Exhibit A outlines his claim against Dr. Penyugua "where he forced medication on plaintiff even after being told his condition was beyond a threshold of pain one could bear under his diagnosis."[1] Unlike plaintiff's claims against Dr. Brennon, plaintiff does not claim Dr. Penyugua denied him care. Rather he disagrees with the care and treatment Dr. Penyugua ordered. Plaintiff's disagreement with the course of treatment provided to him is not sufficient basis for an Eighth Amendment violation. *See Kayser v. Caspari*, 16 F.3d 280, 281 (8th Cir. 1994). As a result, the Court will dismiss plaintiff's claims against Dr. Penyugua as legally frivolous.

*(4) Defendant Tammy Anderson*

---

[1] In his complaint, plaintiff refers to Exhibits 1-7, and attaches an Exhibit List. *See* ECF No. 1-2. These exhibits have not been filed with the complaint and are not in the Court's record.

Finally, plaintiff sues Tammy Anderson, whom he states is on the medical staff of NECC. He sues Ms. Anderson for "her consistent neglect and indifference which led to medical staff rendering plaintiff's condition from past injuries not to be labeled as 'emergency.'" He states her actions led to "a process of procedures that ultimately resulted in [plaintiff] injuring himself." Again, plaintiff has not attached or filed his list of exhibits, which might flesh out his complaint against Ms. Anderson. It appears, however, that he alleges Ms. Anderson's actions caused him to be left untreated and in severe pain for two and a half hours on November 17, 2016, during which time he lost complete feeling in his leg. Liberally construing the complaint on initial review, the Court finds that plaintiff has alleged deliberate indifference on the part of Ms. Anderson.

*(5)    Official Capacity Claims*

To the extent plaintiff states claims against Dr. Brennon and Ms. Anderson in their official capacities, these claims will be dismissed. Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Id.* As a result, the complaint fails to state a claim upon which relief can be granted as to these defendants in their official capacities.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $38.87 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his

prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the complaint, pursuant to the service agreement the Court maintains with Corizon, as to Dr. Unknown Brennon and Tammy Anderson in their individual capacities.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Dr. Unknown Penyugua or Warden Chante Godert because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 22nd day of January, 2018

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE