# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| WILLIAM H. HENSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:17CV58 HEA |
| | ) |
| DR. UNKNOWN BRENNON, et al. | ) |
| | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on pro se plaintiff's (1) motion for default judgment; (2) motion to appoint counsel; (3) motion for preservation of investigative notes and materials; (4) motion to compel; and defendant Tammy Anderson's motions to strike. For the following reasons all the motion will be denied or denied without prejudice.

All discovery motions are premature because the Court has not authorized discovery. *See* E.D. Mo. L.R. 16 - 5.01, 16 - 5.04 (discovery in prisoner cases may not take place until Court enters a Case Management Order). The Court will deny plaintiff's motion to compel.

As to plaintiff's motion for preservation of investigative notes and materials, the motion will be denied as defendant is already under an obligation to preserve potentially relevant evidence under defendant's control. Any failure to preserve such evidence might lead to sanctions for spoliation of evidence. *See Greyhound Lines, Inc. v. Wade*, 485 F.3d 1032, 1035 (8th Cir. 2007).

As to plaintiff's motion for default judgment, that motion will be denied because defendant Anderson's answer to plaintiff's complaint is not due until March 26, 2018. *See* ECF No. 9.

As to plaintiff's motion for appointment of counsel, the motion will be denied without prejudice at this time. There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005. After considering these factors, the Court finds that the facts and legal issues involved are not so complicated that the appointment of counsel is warranted at this time.

Finally, the Court will deny defendant's motions to strike. Under Federal Rule of Civil Procedure 12(f), a court may "strike from *a pleading* any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. Rule 12(f) (emphasis added). A motion to strike is properly directed only to material contained in pleadings. *Coleman v. City of Pagedale*, No. 4:06-CV-1376 ERW, 2008 WL 161897, *4 (E.D. Mo. Jan. 15, 2008). The Federal Rules of Civil Procedure define pleadings as a complaint, an answer to a complaint, an answer to a counterclaim designated as a counterclaim, an answer to a crossclaim, a third-party complaint, an answer to a third-party complaint, and if the court orders one, a reply to an answer. Fed. R. Civ. P. 7(a). Motions, briefs, memoranda, objections or affidavits may not be attacked by a motion to strike. 2 James W. Moore, et al., *Moore's Federal Practice* § 12.37[2] (3rd ed. 2010); *see Coleman*, 2008 WL 161897, at *4. Plaintiff's motions to compel are not pleadings and thus

cannot be attacked with motions to strike.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for default judgment is **DENIED**. [ECF No. 13]

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED without prejudice**. [ECF No. 14]

**IT IS FURTHER ORDERED** that plaintiff's motion for preservation of investigative notes and materials is **DENIED**. [ECF No. 17]

**IT IS FURTHER ORDERED** that plaintiff's motion to compel is **DENIED**. [ECF No. 18]

**IT IS FURTHER ORDERED** that defendant's motions to strike are **DENIED**. [ECF Nos. 24 and 26]

Dated this 19th day of March, 2018.

                                            HENRY EDWARD AUTREY
                                          UNITED STATES DISTRICT JUDGE